**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY ESTES, | No. 16-55837 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00757-JAH-WVG |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 14, 2018**
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

Estes appeals the district court's denial of his motion for summary judgment, and the district court's grant of State Farm's motion for summary judgment. Estes was insured under a State Farm policy providing "MedPay" coverage for "reasonable medical expenses incurred, for bodily injury caused by accident, for services furnished within three years of the date of accident." Estes was injured, obtained years of treatment, and scheduled a surgery nine days after the three-year anniversary of his accident. He asked the district court to invalidate the three-year bar as "arbitrary" under California's "process of nature" rule. The district court refused to do so, and Estes appealed.

Estes claims the "process of nature" rule states: "when an insurer has agreed to pay an insured for expenses incurred as a result of an accident or sickness, the insurer cannot place arbitrary deadlines on when the treatment necessitated by that accident or illness must occur." Estes is incorrect. The rule . It is a judicially created, equitable tool that relates an insured's medical decay back to the original accident.

> [The rule] holds that, within the meaning of policy provisions requiring disability within a specified time after the accident, the onset of disability relates back to the time of the accident itself whenever the disability arises directly from the accident "within such time as the process of nature consumes in bringing the person affected to a state of total (disability)."

*Willden v. Wash. Nat. Ins. Co.*, 557 P.2d 501, 503–04 (Cal. 1976) (quoting *Schilk v. Benefit Trust Life Ins. Co.*, 78 Cal. Rptr. 60, 63 (Ct. App. 1969)). The rule is derived from basic tenets of medical science:

> The injured part often lies dormant for an indefinite period, with but little or no consciousness of its existence by the person injured, although from the very moment of the accident, perhaps, the *processes of nature may be busily engaged in developing what may have seemed to be but a slight hurt into a most serious and perhaps fatal injury.*

*Nat'l Life & Accident Ins. Co. v. Edwards*, 174 Cal. Rptr. 31, 34 (Ct. App. 1981) (emphasis added) (quoting *Rathbun v. Globe Indem. Co.*, 184 N.W. 903, 908 (Neb. 1921)). California courts apply the rule where a contractual provision to the contrary would work an inequity. *See Willden*, 557 P.2d at 502–03 (insured reached "total" disability after three years); *Frenzer v. Mut. Ben. Health & Acc. Ass'n*, 81 P.2d 197, 201–02 (Cal. Dist. Ct. App. 1938) (insured eventually died from injuries, and policy limited benefits to "immediately and totally disabling" injuries); *Edwards*, 174 Cal. Rptr. at 34–35 (insured died two years after paralyzing accident); *Schilk*, 78 Cal. Rptr. at 63–64 (insured's condition slowly worsened, and policy limited benefits to injuries that "within twenty days of the date of the accident, totally and continuously disable the Insured").

The "process of nature" rule does not apply to the three-year limit on State Farm's coverage of medical services, directly or by analogy. Here, the bodily

3

injury was apparently immediate; no relation back to the date of injury is at issue. Instead, the limitation is one concerning duration of coverage, not whether there is any coverage at all. The parallel for a disability policy would be the period benefits are provided once disability begins, not the onset date of the disability adjusted by the process-of-nature rule. *See Willden*, 557 P.2d at 502–03 (applying the rule to a 30-day limit on the occurrence of disability, but not a 60-month limit on the benefits arising thereafter). Benefit limits of the kind at issue in this case are necessarily "arbitrary," in a sense, but they are necessitated by the need to adjust the cost of a policy to the extent of the benefits provided.[1] Furthermore, even if the process-of-nature rule applied as broadly as Estes wished, the reason the medical services here at issue were rendered after the coverage cutoff was not due to any "process of nature" inherent in the original injury, but rather due to Estes's decision to schedule surgery known to be necessary during the coverage period for a date after coverage was to cease.

The district court order is **AFFIRMED**.

---

[1] State Farm's reliance on a general principle of "liberty of contract" is unhelpful. The process-of-nature rule, like many other doctrines of California insurance law, is itself a limit on an insurer's "liberty of contract," in that it prevents policy provisions reducing an insurer's risk from being enforced as the insurer would like, or even from being enforced at all. *See, e.g., Delgado v. Heritage Life Ins. Co.*, 203 Cal. Rptr. 672, 679 (Ct. App. 1984). That an insurer is generally free to restrict coverage does not answer the question presented here.